## Davisworth v. S. T. & J. M. Wright.

(Deeided May 21, 1929.)

E. H. JOHNSON for appellant.

BROCK & WALL, H. M. BROCK and J. B. WALL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellant brought this action against appellees, alleging that she owned two tracts of land containing 140 acres, which were described in the petition, and that appellees had negligently started a fire when there was a raging windstorm in some brush heaps and had so negligently burned the timber on her land to her damage in the sum of $20,011.63, for which she prayed judgment. The answer was a traverse of the petition, except as to the plaintiff's ownership of the land. The case was heard by a jury. The court instructed the jury to find for the plaintiff the damages she sustained, if the fire was negligently started. The jury found for the plaintiff $400. She appeals.

It is insisted for her that the verdict is palpably for too small an amount and that the court erred in the admission of evidence. The evidence complained of is this: The defendant introduced the county court clerk and had him to read to the jury the plaintiff's assessment list for the year before the fire and the year after the fire showing that for the year before she listed one tract of 30 acres at $550 and one tract of 5 acres at $100, making a total of $650, and that for the year after the fire she listed one tract of 40 acres at $250, the difference between the two assessments being $400. It has often been held that the plaintiff's own assessment of property may be given in evidence against the plaintiff on the question of its value. 22 C. J. 305; Louisville & N. R. Co. v. White Villa Club, 155 Ky. 452, 159 S. W. 983. It is insisted, however,

574

that the evidence was inadmissible here because the title to the two tracts set out in the petition was not disputed in the pleadings and the quantity of land in the assessments was not as stated in the pleadings; but all this was for the jury and went to the weight of the evidence. The court instructed the jury to find for the plaintiff the value of her timber that was destroyed, if the fire was negligently started. The difference between the two assessments was some evidence as to how much the plaintiff thought her property had been decreased in value by the fire, although the acreage was not correctly stated. The court, therefore, did not err in admitting the evidence.

It is also insisted that the court erred in allowing the defendant's agent to testify that the highway engineer came along and ordered him to start the fire to burn up the brush piles; but this did not authorize him to start the fire in a strong wind, or when there was danger to the property of others adjoining in so doing. This evidence could not have been prejudicial to the plaintiff under the instructions of the court.

The rule of the court is not to disturb the verdict of a jury, unless it is palpably against the evidence. The jury of twelve farmers is peculiarly qualified to pass upon the damages to a farm from the burning of timber by a fire negligently started. While the evidence of the plaintiff might well have warranted a much larger verdict, there was evidence for the defendant warranting the verdict for $400, and on all the proof the court cannot say that the verdict is palpably against the evidence.

Judgment affirmed.